HALL, Judge.
Plaintiff as the duly qualified natural tutrix of her minor daughter, Sally Philips, filed this suit for damages for personal injuries allegedly suffered by said minor daughter as the result of a collision between an automobile driven by Harry Darby in which the child was a guest passenger and an automobile owned by Edgar C. Juneau and driven by his wife on a community mission. Named as defendants are Mr. and Mrs. Edgar C. Juneau and their liability insurer.
Defendants answered and filed a third party petition against Harry Darby and his employer, Filter-Queen of New Orleans, in which they alleged negligence on the part of Harry Darby and sought contribution in the event they were cast in judgment. No service of the third party petition was made on Filter-Queen of New Orleans. Harry Darby was served but made no appearance nor did he testify in the case.
Following trial on the merits the Trial Judge rendered judgment dismissing plaintiff’s suit at her cost, and as a result thereof found it unnecessary to render any judgment on behalf of third party plaintiffs. Plaintiff appealed.
*779 The issues are purely factual.
The alleged accident occurred about 9:00 A.M. on February 17, 1965 in a private parking lot located in front of a building occupied by a laundry on the Airline Highway in Jefferson Parish. The building is located on the right hand side of the highway as one proceeds from New Orleans toward Baton Rouge and is set back about 40 or 50 feet from the highway. The parking lot in front is surfaced with loose shells and can accommodate about ten cars. It is bounded on the Baton Rouge side by a private road which leads from the highway to a trailer court situated in the rear of the laundry building while Elise Street forms the boundary of the lot on the New Orleans side. The parking area is partially barricaded from Elise Street by a line of logs which runs from the corner of the laundry building to a telephone pole on the corner of Elise Street and Airline Highway. The logs were placed there apparently to prevent cars from exiting from the parking lot to Elise Street, however there appears to have been a space left between the telephone pole and the highway barely wide enough for a car to get through. The highway is multi-laned and is divided by a raised concrete median strip. There is a break in the median strip at Elise Street and occupants of the trailer court may conveniently drive out Elise Street, cross through this break and turn toward New Orleans. On the other hand if they take the private road on the Baton Rouge side of the parking lot they must drive several blocks toward Baton Rouge before they can get through the median strip to turn back toward New Orleans.
Plaintiff lived with her twelve year old daughter, Sally Philips, in the trailer court behind the laundry. She was an employee of a business concern which is located on the highway some distance toward New Orleans from the laundry. It was raining hard on the morning of the accident and shortly before 9 o’clock plaintiff telephoned her place of employment for someone to come get her. Harry Darby, a co-worker, accompanied by another young man drove out to the trailer court and plaintiff and her daughter got into the back seat of Darby’s car. Sally seated herself on the left of the rear seat behind the driver. Darby then drove back toward the highway on the private road on the Baton Rouge side of the laundry.
From this point on the testimony is both confused and confusing and no good purpose would be served in reviewing it in detail.
Suffice it to say, basically plaintiff’s testimony is that she had Darby turn left into the laundry parking lot so she could pick up her laundry before going to work since the laundry would be closed when she returned; that on account of other cars parked there Darby could not pull up perpendicular to the laundry so he stopped his car in the parking lot facing toward New Orleans; that she was in the process of getting out of the right door when the defendant, Mrs. Juneau, backed her automobile at a high rate of speed into the left side of Darby’s car striking it near the window where Sally was seated causing injuries to Sally consisting of contusions of the left side of her face and a whiplash type sprain of the neck.
Sally testified that she was watching her mother getting out of the car and did not see the accident. Plaintiff produced no other witnesses to the accident. Harry Darby and the young man accompanying him did not testify.
The defendant, Mrs. Juneau, testified basically that she had gone to the laundry to pick up a new maid who was waiting for her there; that she parked her car perpendicular to the laundry building and the maid got in; that the only other car in the parking lot at the time was a laundry truck; that she looked first to her left and then to her right and started backing up slowly intending to back around and face toward Baton Rouge as that was the only direction she could go to get out *780 of the lot, Elise Street being barricaded off ; that before she got into her turn and was still looking toward New Orleans she heard “a terrific screeching of brakes, gravel flying;” that she immediately turned off the ignition “and was amazed to see a car right behind me — that is where he had stopped.” Mrs. Juneau got out of her car and an argument ensued between her and Darby. Mrs. Juneau testified that she had felt no impact of a collision and that there was room for her to stand between the cars. The only damage which she could see on Darby’s car was a dent in the fender about the size of a silver dollar and a missing piece of chrome about 8" long; that she looked on the ground for the missing piece but could not find it and thought that both the dent and the missing chrome were the result of a previous accident. There was no damage to Mrs. Juneau’s car.
Mrs. Juneau’s new maid, Joan Carter, testified that only one other car was parked in front of the cleaners; that as she got into Mrs. Juneau’s car Mrs. Juneau looked around to observe traffic before backing up “when all of a sudden here came a man out of nowhere. So the rocks started skidding, started flying in the air.”
The only independent witness was Mrs. Henry Guillory, owner and operator of the laundry. Mrs. Guillory testified that she was standing inside the plate glass front of the laundry and observed the Juneau automobile from the time it drove up to pick up the maid until the accident occurred. She testified that Mrs. Juneau was looking to her right and was slowly backing up when the Darby car came across the parking lot headed in the direction of New Orleans at a high rate of speed with his right wheels on the shoulder of the highway; that “the oyster shells were flying because he was hitting those shells so fast;” that “he slammed on the brakes. It made an awful racket and you could see the shells flying when he slammed the brakes on * * * I guess Mrs. Juneau heard it and they hit.”
Defendants’ theory is that plaintiff was in a hurry because she was late for work and that Darby instead of taking Elise Street drove toward the highway on the private road and then realizing that he would have to drive some distance toward Baton Rouge before he could cross the highway and turn back, tried to cut hurriedly across the front of the parking lot against the flow of traffic in order to get to the break in the median at Elise Street and was forced to come to a sudden stop when he saw Mrs. Juneau’s car backing out.
There is no doubt that the young girl, Sally, suffered injuries to her face and neck, but such injuries could as well have been due to Darby’s sudden stop as to any collision with Mrs. Juneau’s car. Indeed the injury to Sally’s neck was of a type more usually associated with a sudden stop or a blow from the rear than with an impact from the side.
In his written “Reasons for Judgment” the Trial Court said in part:
“Considering all of the testimony in this case, the Court is of the opinion that there was no collision between the two vehicles, or at the most, that there was a very light collision of such an amount that the young child could not have received the injuries complained of. However, whether or not there was an actual collision between the vehicles, if the Court should find that negligent operation by Mrs. Juneau was a proximate cause of the injuries, or at least a contributing cause, the plaintiff may still recover. Considering the circumstances, and particularly that Harry Darby did not appear as a witness in this case, nor did the other occupant of the Darby vehicle, the Court considers that the plaintiff did not produce a preponderance of evidence in order to show that the defendant, Mrs. Juneau, was negligent. * * H« ”
*781 We find no manifest error in the Trial Court’s conclusions.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.